IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY R. FORD,
Inmate No. L13908,
      Petitioner,

vs.                               Case No.: 3:17cv198/LAC/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS, SECRETARY,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, a Florida inmate currently housed at Santa Rosa Correctional Institution and proceeding pro se, initiated this action by filing a petition for writ of mandamus (ECF No. 1) and a motion for leave to proceed in forma pauperis (ECF No. 2).

Petitioner claims that while his personal property was being taken and impounded, and after an altercation between him and an officer at the institution, the officer informed Petitioner he was going to throw away his property. Petitioner states he discovered some of his property to be missing. He brings the instant mandamus action under Florida Rule of Appellate Procedure Rule 9.100, seeking an order to restore or replace his property or to receive monetary reimbursement, and to have the offending officer punished. Petitioner therefore raises his petition as a matter of state

law.

A violation of a state law, as opposed to one raised under a federal law or the Constitution, does not provide a basis of federal jurisdiction.  Snowden v. Hughes, 321 U.S. 1, 11, 64 S. Ct. 397, 402, 88 L. Ed. 497 (1944); Bagley v. Rogerson, 5 F.3d 325, 329 (8th Cir. 1993).  Moreover, even if Petitioner's claim were to be raised pursuant to federal mandamus, such a tool is used only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed . . . ." 28 U.S.C. § 1361; *see also* Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007).  Although federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," a federal court lacks the authority of mandamus over state officers in the performance of their duties.  Moye  v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, DeKalb County Super. Ct., 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct. of Texas, 440 F.2d 383 (5th Cir. 1971); *see also* Acosta v. Sheldon, No. 2:10-cv-8-FtM-29DNF, 2010 WL 146862 (M.D. Fla. Jan. 11, 2010); Hernandez v. Charlotte Correctional Inst. Staff, No. 2:06-cv-608-FtM-29SPC, 2006 WL 3349552 (M.D. Fla. Nov. 17, 2006).  As Petitioner seeks an order directed at a state agency or

officer, this court lacks jurisdiction under mandamus to grant the only relief Petitioner requests.

Finally, a party who seeks a writ of mandamus bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).  There exist adequate remedies under state law for Petitioner to seek redress for the alleged deprivations of his property.  Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543–44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986).  In addition to the state mandamus action that Petitioner contemplates, which may be raised in the state courts, Florida Statutes, section 768.28 provides a further remedy under state law for the alleged deprivation of his property.  Petitioner thus has sufficient recourse under state law to address the alleged deprivation of his property, rendering federal mandamus unavailable.

For all the foregoing reasons, this court does not have jurisdiction to afford the

requested relief, and Petitioner's request for a writ of mandamus must be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the petition for writ of mandamus be **DENIED,** and this cause be

**DISMISSED**.

2.     That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 31st day of March 2017

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**